IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HAYES,<br><br>                  *Plaintiff,*<br><br>       v.<br><br>COLLECTO, INC.,<br><br>                  *Defendant.* | Civil Action No. 2:20-cv-411<br><br>Hon. William S. Stickman IV<br>Hon. Maureen P. Kelly |

## **ORDER OF COURT**

Plaintiff Eric Hayes ("Hayes") brings this putative class action against Defendant Collecto, Inc. d/b/a EOS, CCA ("Collecto") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* He claims Collecto's collection letter violated the FDCPA by placing the required language on the back of its letter, and by concealing reference to the validation notice through selective formatting, such as by making other language in its letter more prominent and by positioning reference to the validation notice in such a manner that it would not likely to be seen. According to Hayes, Collecto violated § 1692g by failing to provide adequate notice and § 1692e by rendering the letter misleading. Collecto filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) contending that Hayes failed to state a viable claim as a matter of law. (ECF No. 5).

After briefing concluded, Magistrate Judge Maureen P. Kelly issued a Report and Recommendation that the motion be granted, and Hayes' Complaint be dismissed with prejudice. (ECF No. 15). She found that the collection letter directed the reader to the reverse side of the letter twice - once for account details, and, once, enhanced with asterisks and 12-point type, to review "important notices." Furthermore, Magistrate Judge Kelly determined that the letter

1

contained no factually incorrect statements regarding the consumer's rights, did not threaten legal action, and did not require the action before the expiration of the dispute period. Added to this, the back of the letter set forth the validation notice in 12-point type under an underlined and capitalized alert informing the consumer of the applicable "FEDERAL LAW." (ECF No. 15, p. 11). Ultimately, she concluded: "[e]ven a cursory review of the one-page, two-sided letter would alert the recipient of his rights under the FDCPA in a clear and effective fashion. Under these circumstances, Hayes fails to state a plausible claim for the violation of Section 1692e or 1692g as a matter of law[…]." (ECF No. 15, p. 11). The parties were given until August 6, 2020 to file Objections, and no objections were filed.

After independent review of the record, the Court agrees with the analysis and recommendation set forth by Magistrate Judge Kelly in her Report and Recommendation and ADOPTS the Recommendation as its Opinion. It agrees that leave to amend would be futile because the Court is faced with a legal question involving interpreting a letter and any amendment would not alter the document upon which Hayes claim relies.[1]

AND NOW, this 10th day of August 2020, IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 5) is GRANTED. All claims are DIMISSED WITH PREJUDICE for failure to state a claim upon which leave could be granted. The Clerk of Court is directed to mark this CASE CLOSED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal this Order, a Notice of Appeal, as provided in Federal Rule of Appellate Procedure 3, must be filed with the Clerk of Court, United States

---

[1] "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore's Federal Practice – Civil § 15.15[4] (2019).

District Court, at 700 Grant Street, Room 3110, Pittsburgh, Pennsylvania 15219, within thirty (30) days.

BY THE COURT:

/s/ William S. Stickman IV

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE
